**MICHAEL THOMAS, State Bar No. 41597**
**MAUREEN F. THOMAS, State Bar No. 105194**
**JANET L. KEUPER, State Bar No. 128417**
**THOMAS AND THOMAS, LLP**
425 Broadway, Suite 213
Glendale, California 91204
Phone: (818) 500-4800, Facsimile: (818) 500-4822
mt@thomaslegal.com
mft@thomaslegal.com
jlk@thomaslegal.com

Attorneys for Defendant,
COUNTY OF LOS ANGELES, also
sued and served herein, as "LOS ANGELES
COUNTY SHERIFF'S DEPARTMENT"

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARTIN ISHAK,<br><br>    Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, LOS ANGELES SHERIFF'S DEPARTMENT, DOE DEPUTY ROJAS and DOES 1-10,<br><br>    Defendants. | Case No.: CV 10-7951 JAK (AJWx)<br><br>**PROTECTIVE ORDER** |

## **PROTECTIVE ORDER**

This Protective Order contemplates the disclosure of private and confidential information concerning the identities and last known addresses of present or former inmates in the custody of the Los Angeles County Sheriff's Department. Said inmates have not lost their right to privacy by virtue of their incarceration. Further, inmates in the County system include persons who may be subject to an attack on their person, inside and outside the jail, for various reasons, including gang membership, retaliation for acting as informants or for other activities undertaken inside or outside the jail. It is recognized that the disclosure of information concerning said inmates may have

a negative impact on the privacy of such inmates and may subject the inmates to a risk of harm. In an effort to minimize any intrusion into the privacy and the potential risk of harm to such inmates, which could occur from the dissemination of said information, the following shall apply:

>The production of information concerning said inmates shall be strictly confidential.

>The production of inmate addresses, and telephone numbers [obtained solely from the information provided by the inmate at the time of booking] shall be made by defendant solely to plaintiff's counsel and plaintiff's counsel may not disseminate that information to any person or entity, including plaintiff, Martin Ishak, for any purpose, absent a prior court order, except that the addresses and telephone numbers may be provided to an investigator hired by plaintiff's counsel for the purpose of obtaining witness statements, interviews, and/or serving the inmates with deposition and/or trial subpoenas.

>In the event plaintiff's counsel finds it necessary to employ an investigator and to disseminate the address and/or telephone number of any inmate to such investigator for the purpose stated above, plaintiff's counsel shall have such investigator(s) execute a confidentiality agreement, prior to their receipt of that information, agreeing not to disseminate that information to any other person or entity, including plaintiff and any other inmate or other individual with whom that investigator comes into contact in the course of such employment.

Nothing in this protective order requires defendant to produce any information which may be protected from disclosure by the official information privilege, Federal Rules of Evidence, App. Rule 509(a)(2), and particularly investigatory files complied for law enforcement purposes. The Court is not expressing any opinion, by this Protective Order, concerning the applicability of said privilege to any document to

which defendant may possess.

Nothing in this protective order requires defendant to produce any information concerning the medical condition, past or present, of any inmate other than plaintiff. The court is not expressing any opinion, by this Protective Order, as to whether plaintiff should be entitled to any discovery concerning the medical condition, past or present, of any inmate other than plaintiff.

Dated: July 25, 2011  

_____
The Honorable Andrew J. Wistrich

**PROOF OF SERVICE**

STATE OF CALIFORNIA )
) ss.
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 425 West Broadway, Suite 213, Glendale, California 91204.

On July 21, 2011, I served the foregoing document, described as **PROTECTIVE ORDER,** on the interested parties in this action by placing a true copy thereof, in sealed envelopes addressed as follows:

**ATTORNEY FOR PLAINTIFF, MARTIN ISHAK**
James S. Muller, Esq.
LAW OFFICES OF JAMES S. MULLER
3435 Wilshire Blvd., Suite 2900
Los Angeles, CA 90010-2015
(213) 381-3299

[X]  BY MAIL – I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Glendale, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

[ ]  BY OVERNIGHT DELIVERY – By placing true copies thereof enclosed in sealed FEDERAL EXPRESS envelopes designated by the express service carrier with delivery fees provided for and depositing said envelope during regular business hours, addressed as stated on the attached mailing list; by placing a true copy thereof enclosed in sealed envelopes addressed as indicated above.

[ ]  BY PERSONAL SERVICE – I caused to be delivered such envelope by hand to the offices of the addressee as indicated above.

[ ]  BY FACSIMILE – By transmitting true copies thereof by facsimile to interested counsel's facsimile terminal number, and then receiving a facsimile receipt showing receipt thereof by counsel's terminal at Glendale, California.

[ ]  (State) – I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[X]  (Federal) – I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

Executed on July 21, 2011, in Glendale, California. I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

_____
EVELYN JENKINS